JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -7 97

DOCKET NO. 1157

PATRICIA D. HOWARD
CLERK OF THE PANEL

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE FIDELITY MAGELLAN FUND/MICRON TECHNOLOGIES, INC., SECURITIES LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,\* JOHN F. GRADY, BAREFOOT SANDERS\* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

## TRANSFER ORDER

Two motions for transfer under 28 U.S.C. § 1407 are currently before the Panel in this litigation consisting of fifteen actions listed on the attached Schedule A and pending in three districts as follows: thirteen actions in the District of Massachusetts,[1] and one action each in the Middle District of Florida and the Eastern District of Pennsylvania. Defendants FMR Corp., Fidelity Management & Research Co., Jeffrey Vinik and Fidelity Magellan Fund have moved for centralization of the Massachusetts and Florida actions in the District of Massachusetts. Plaintiffs in the Massachusetts actions seek centralization of all fifteen actions in the Massachusetts district. Plaintiffs in the Florida and Massachusetts actions oppose transfer of their actions.[2] The four defendants who brought the initial motion before the Panel favor inclusion of only certain of the claims in the Pennsylvania action in Section 1407 proceedings.

---

\*Judges Brimmer and Sanders took no part in the decision of this matter.

[1] Both motions before the Panel included an additional D. Massachusetts action, *Richard Perry v. Jeffrey Vinik, et al.*, C.A. No. 1:95-12687, that was voluntarily dismissed on April 4, 1996. Accordingly, the question of Section 1407 transfer with respect to that action is now moot.

[2] Alternatively, the Florida plaintiff has requested that the Panel order transfer to the District of Massachusetts only after imposing certain conditions relating to i) the placement of the Florida plaintiff's counsel on the plaintiffs' litigation committee in the District of Massachusetts, ii) the incorporation of certain additional claims into the consolidated complaint already filed in the Massachusetts actions, iii) the procedures for service of motions and papers on the Florida plaintiff's counsel, and iv) the payment of travel and incidental costs incurred by plaintiff or its counsel as a result of litigating in Massachusetts. None of these matters is an appropriate subject for Panel determination. They should be raised, if at all, before the transferee court.

- 2 -

On the basis of the papers filed,[3] the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve allegations that common defendants violated federal securities laws by scheming to manipulate the price of stock in Micron Technologies, Inc. (Micron). Specifically, defendants are accused in each action of making false and misleading statements concerning their intent not to sell Micron stock in order to allow them to sell the stock held by them to the investing public at prices higher than would have obtained had the market at large been aware that they were disposing of their holdings in Micron and other technology stocks. All but the Pennsylvania actions are brought as class actions on behalf of purchasers of Micron stock. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the question of class certification), and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the Pennsylvania action argue that their action should be excluded from Section 1407 transfer because it is not a class action and because it involves claims for purchases of other technology stocks in addition to Micron. In a similar vein, the moving defendants have requested that only claims in the Pennsylvania action pertaining to Micron purchases be included in Section 1407 proceedings in the District of Massachusetts.[4] We are not persuaded that the Pennsylvania action should be excluded from transfer, or that parties should be required to litigate claims in the action in two districts. We point out that where, as here, claims are based on common factual allegations, the fact that some may be brought on an individual basis while others are brought on behalf of a class has no bearing on the common merits discovery that will be required in both individual and class actions. We recognize that the Pennsylvania action may contain some additional claims unique to that action, but we nevertheless conclude that transfer of the Pennsylvania action in its entirety will ensure that all MDL-1157 actions will proceed, at least initially, before a single judge. That judge will then be in a position to formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the

---

[3]The parties waived oral argument and, accordingly, the question of centralization of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

[4]The Panel, pursuant to 28 U.S.C. § 1407(a), is authorized to transfer only actions, not parts of actions. Pursuant to that same statutory section, however, the Panel is authorized to separate any claim, cross-claim, counter-claim or third party claim and remand any of such claims before the remainder of an action is remanded. Accordingly, the relief sought by the moving defendants would be accomplished by transferring the Pennsylvania action under Section 1407 and simultaneously remanding all claims in the action except those relating to Micron purchases.

- 3 -

transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time with respect to the Pennsylvania action and its non-Micron claims. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 14, R.P.J.P.M.L., 147 F.R.D. 589, 597-99 (1993). Finally, it is logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. See *In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

We are persuaded that the District of Massachusetts is the appropriate transferee forum for this litigation. We note that: 1) the district is the choice of the majority of plaintiffs and defendants; 2) Massachusetts serves as a nexus for this docket — all of defendants' investment management operations are located there, most of the acts or transactions at issue in the litigation occurred there, and many relevant records and witnesses are likely to be found there at the corporate defendants' headquarters; and 3) litigation is proceeding apace in the Massachusetts district, the forum where the greatest number of MDL-1157 actions have already been filed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the District of Massachusetts be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Richard G. Stearns for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
John F. Nangle
Chairman

## SCHEDULE A

MDL-1157 -- In re Fidelity Magellan Fund/Micron Technologies, Inc., Securities Litigation

### Middle District of Florida

*Wildlife-In-Need, Inc. v. FMR Corp., et al.*, C.A. No. 8:96-1395

### District of Massachusetts

*Diane Weisburgh v. Fidelity Magellan Fund, et al.*, C.A. No. 1:95-12676
*Randy Stark v. FMR Corp., et al.*, C.A. No. 1:95-12679
*Robert C. Daniels v. Fidelity Magellan Fund, et al.*, C.A. No. 1:95-12680
*Thomas Stack, et al. v. Jeffrey Vinik, et al.*, C.A. No. 1:95-12686
*Clark Bohmont, et al. v. Fidelity Magellan Fund, et al.*, C.A. No. 1:95-12697
*Joshua Morgenstern v. FMR Corp., et al.*, C.A. No. 1:95-12698
*Gary Del Piano, et al. v. Fidelity Magellan Fund, et al.*, C.A. No. 1:95-12704
*John P. Aellen, et al. v. Fidelity Magellan Fund, et al.*, C.A. No. 1:95-12705
*Irving Ravens, et al. v. FMR Corp., et al.*, C.A. No. 1:95-12717
*William Darbinville, et al. v. Fidelity Magellan Fund, et al.*, C.A. No. 1:95-12730
*Larry C. Bowman v. Jeffrey Vinik, et al.*, C.A. No. 1:95-12732
*Valentina C. Vanderbush v. Jeffrey Vinik, et al.*, C.A. No. 1:95-12737
*Behzad Jahanforuz v. Jeffrey Vinik, et al.*, C.A. No. 1:96-10787

### Eastern District of Pennsylvania

*Thomas P. Jasin, et al. v. Fidelity Magellan Fund, et al.*, C.A. No. 2:96-6833